T.C. Memo. 2000-297


UNITED STATES TAX COURT


SCOTT L. LAFAVRE AND SHARI L. LAFAVRE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1132-99.                     Filed September 25, 2000.


<u>Jeffrey W. Starbird</u>, for petitioners.

<u>Eric W. Johnson</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  This case is before the Court fully
stipulated.  See Rule 122[1].  Respondent determined a deficiency
in petitioners' 1994 Federal income tax in the amount of $43,938
and a penalty of $8,788 pursuant to section 6662(a).  After

---

[1] Rule references are to the Tax Court Rules of Practice and
Procedure.  Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the year in issue.

concessions[2] the sole issue we must decide is whether petitioners are entitled to the $455,720 casualty loss claimed on their 1994 Federal income tax return.

The stipulation of facts and attached exhibits are incorporated herein. The stipulated facts are hereby found.

### Background

When the petition was filed, petitioners resided in Lakeville, Minnesota. In 1994, petitioners were the only partners in the Chateau Deville Partnership.

The Chateau Deville Partnership owned a group of apartment buildings located in Slidell, Louisiana. The apartment buildings were damaged by flooding in 1995.[3] Before the flood, the apartment buildings' basis was $672,093. The fair market value of the apartment buildings immediately prior to the flood was $2 million. The fair market value of the apartment buildings immediately after the flood was $750,000.

Petitioners received insurance proceeds of $767,000 as compensation for the flooding damage to the apartment buildings.

---

[2] Respondent has conceded that petitioners are not liable for the sec. 6662(a) accuracy-related penalty and are entitled to a reduction of capital gains of $28,682, as opposed to the amount of $14,828 stated in the notice of deficiency.

[3] We note that the property suffered damage in 1995; however, petitioners assert on brief that the surrounding area was subsequently declared a disaster area by President Clinton allowing the deduction to be taken in 1994 under sec. 165(i). Respondent does not dispute this assertion in his brief, reply brief or mention the issue in the notice of deficiency.

These insurance proceeds were reinvested in the reconstruction of the apartment buildings. Additionally petitioners invested $483,000 in the reconstruction of the damaged apartments.

On their income tax return for 1994 the petitioners claimed a casualty loss of $455,720. This loss was calculated by subtracting an after casualty fair market value of $1,544,280 from a precasualty fair market value of $2 million.

## Discussion

Respondent determined that petitioners are not entitled to the casualty loss claimed on their 1994 Federal income tax return because petitioners' adjusted basis in the property was less than the insurance proceeds received by petitioners for the loss. Petitioners argue that since the insurance proceeds were reinvested in qualifying property under section 1033 the full amount of the economic loss should be deductible. Petitioners calculate their loss as follows:

| | |
|---|---|
| Fair market value prior to casualty | $2,000,000 |
| Fair market value after casualty | -750,000 |
| Gross casualty loss | 1,250,000 |
| Less insurance proceeds | -767,000 |
| Net casualty loss | 483,000 |
| (Casualty loss less than basis) | |

Section 165 provides for the deduction of a loss and in pertinent part provides:

(a) General Rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

*      *      *      *      *      *      *

(i) Disaster Losses.--

(1) Election to take deduction for preceding year.--Notwithstanding the provisions of subsection (a), any loss attributable to a disaster occurring in an area subsequently determined by the President of the United States to warrant assistance by the Federal Government under the Disaster Relief and Emergency Assistance Act may, at the election of the taxpayer, be taken into account for the taxable year immediately preceding the taxable year in which the disaster occurred.

For casualty losses, the calculation of the amount of the loss is defined in section 1.165-7(b)(1), Income Tax Regs., as follows:

(b) Amount deductible.--

(1) General Rule.--In the case of any casualty loss whether or not incurred in a trade or business or in any transaction entered into for profit, the amount of loss to be taken into account for purposes of section 165(a) shall be the <u>lesser</u> of either--

(i) The amount which is equal to the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty; or

(ii) The amount of the adjusted basis prescribed in section 1.1011-1 for determining the loss from the sale or other disposition of the property involved. * * * [Emphasis added.]

The calculation of a casualty deduction under section 165(a) proceeds as follows.  First, the "loss" is determined as the <u>lesser</u> of (1) the difference between the fair market value of the

property before the casualty and the fair market value of the property after the casualty (without consideration of insurance received) and (2) the adjusted basis of the property before the casualty. In this case the difference in fair market values is $1,250,000 and the adjusted basis was $672,093. The lesser amount of $672,093 is the amount of petitioners' loss.

Second, the amount of the loss deductible under section 165(a) is the loss "not compensated for by insurance"; i.e., reduced by the insurance received. See sec. 1.165.7(b)(3), Examples (1) through (3), Income Tax Regs. In this case the insurance received exceeds the loss (adjusted basis of the property prior to the casualty), and therefore there is no allowable casualty deduction.

We hold that petitioners are not entitled to the $455,720 casualty loss claimed on their 1994 Federal income tax return.

Accordingly,

Decision will be entered under Rule 155.